# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

CANINE TRANSPLANT &
APHERESIS CENTER, LLC,

    *Plaintiff/Counter-Defendant,*

v.

NICOLE MOTAKEF,

    *Defendant/Counter-
Plaintiff/Third-Party Plaintiff,*

v.

ALEXANDRA GAREAU, DVM, MS,
DACVIM,

    *Third-Party Defendant.*

Case No. 1:25-cv-00328-TRM-CHS

Judge Travis R. McDonough

Magistrate Judge Christopher H. Steger

---

## ANSWER TO COUNTERCLAIMS

Counter-Defendant Canine Transplant & Apheresis Center, LLC ("CTAC"), by and through undersigned counsel, answers the Counterclaims asserted by Defendant/Counter-Plaintiff Nicole Motakef ("Motakef") as follows. CTAC denies every allegation not expressly admitted herein.

## RESPONSES TO ALLEGATIONS
### THE PARTIES

1. CTAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Counterclaims and therefore denies the same.

2. CTAC admits only that it is a limited liability company formed under the laws of Tennessee and otherwise denies the remaining allegations in Paragraph 2 of the Counterclaims.

3. On information and belief, admitted.

*FACTUAL ALLEGATIONS*

4. CTAC denies the allegations in Paragraph 4 of the Counterclaims.

5. CTAC denies the allegations in Paragraph 5 of the Counterclaims.

6. CTAC denies the allegations in Paragraph 6 of the Counterclaims.

7. CTAC denies the allegations in Paragraph 7 of the Counterclaims.

8. CTAC denies the allegations in Paragraph 8 of the Counterclaims.

9. CTAC denies the allegations in Paragraph 9 of the Counterclaims.

10. CTAC denies the allegations in Paragraph 10 of the Counterclaims.

11. CTAC denies the allegations in Paragraph 11 of the Counterclaims.

12. CTAC denies the allegations in Paragraph 12 of the Counterclaims.

13. CTAC admits only that Motakef paid a $40,000 deposit and otherwise denies the allegations in Paragraph 13 of the Counterclaims.

14. CTAC denies the allegations in Paragraph 14 of the Counterclaims.

15. CTAC denies the allegations in Paragraph 15 of the Counterclaims.

16. CTAC denies the allegations in Paragraph 16 of the Counterclaims.

17. CTAC denies the allegations in Paragraph 17 of the Counterclaims.

18. CTAC admits only that Honey was diagnosed with lymphoma and otherwise denies the allegations in Paragraph 18 of the Counterclaims.

19.     CTAC admits only that Motakef initiated contact with CTAC and otherwise denies the allegations in Paragraph 19 of the Counterclaims.

20.     CTAC denies the allegations in Paragraph 20 of the Counterclaims.

21.     CTAC admits only that it provided an educational handbook on the transplant procedure to Motakef and otherwise denies the allegations in Paragraph 21 of the Counterclaims.

22.     CTAC avers that Motakef failed to attach the portion of the handbook she is quoting from and, therefore, denies the allegations in Paragraph 22 of the Counterclaims.

23.     CTAC avers that Motakef failed to attach the portion of the handbook she is quoting from and, therefore, denies the allegations in Paragraph 23 of the Counterclaims.

24.     CTAC admits only that Motakef signed forms as part of the intake process and otherwise denies the allegations in Paragraph 24 of the Counterclaims.

25.     CTAC denies the allegations in Paragraph 25 of the Counterclaims.

26.     CTAC denies the allegations in Paragraph 26 of the Counterclaims.

27.     CTAC denies the allegations in Paragraph 27 of the Counterclaims.

28.     CTAC avers that Motakef failed to attach the portion of the handbook she is quoting from and, therefore, denies the allegations in Paragraph 28 of the Counterclaims.

29.     CTAC only admits that Honey's diagnostic tests were positive for CD34+ markers and otherwise denies the allegations in Paragraph 29 of the Counterclaims.

30.     CTAC denies the allegations in Paragraph 30 of the Counterclaims.

31.     CTAC denies the allegations in Paragraph 31 of the Counterclaims.

32.     CTAC admits only that Motakef paid a $40,000 deposit, transferred James and Honey to CTAC, and returned to Chattanooga at least once thereafter and otherwise denies the allegations in Paragraph 32 of the Counterclaims.

33.     CTAC denies the allegations in Paragraph 33 of the Counterclaims.

34.     CTAC denies only that the process takes 4-6 hours, but otherwise admits the allegations in Paragraph 34 of the Counterclaims.

35.     CTAC denies the allegations in Paragraph 35 of the Counterclaims as stated.

36.     CTAC denies the allegations in Paragraph 36 of the Counterclaims.

37.     CTAC denies the allegations in Paragraph 37 of the Counterclaims. CTAC also avers that, at this point in the Complaint, the numbered paragraphs become out of sequence because Paragraph 37 is inadvertently identified as a second Paragraph 35.  CTAC will continue to respond to the allegations as if the numbered paragraphs had never gone out of sequence, but will indicate both the correct paragraph number and the erroneous number contained in the Complaint, with the latter placed in parentheses. Accordingly, the next paragraph, which is identified as Paragraph 37 in the Complaint, is answered as Paragraph 38/(37).

38.     CTAC denies the allegations in Paragraph 38/(37) of the Counterclaims.

39.     CTAC denies the allegations in Paragraph 39/(38) of the Counterclaims.

40. CTAC admits only that they worked to stabilize James' low blood pressure during the second apheresis procedure and otherwise denies the allegations in Paragraph 40/(39) of the Counterclaims.

41. CTAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41/(40) of the Counterclaims and therefore denies the same.

42. CTAC denies the allegations in Paragraph 42/(41) of the Counterclaims.

43. CTAC admits only that its veterinarians had a meeting with Motakef and otherwise denies the allegations in Paragraph 43/(42) of the Counterclaims.

44. CTAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44/(43) of the Counterclaims and therefore denies the same.

45. CTAC admits only that its veterinarians performed Honey's transplant procedure and otherwise denies the allegations in Paragraph 45/(44) of the Counterclaims.

46. CTAC admits only that the transplant procedure did not succeed in ridding Honey of lymphoma and otherwise denies the allegations in Paragraph 46/(45) of the Counterclaims.

47. CTAC admits only that a phone call meeting was held between its veterinarians and Motakef and otherwise denies the allegations in Paragraph 47/(46) of the Counterclaims.

- 5 -

48. CTAC admits only that it tried a number of additional treatments to try and save Honey and otherwise denies the allegations in Paragraph 48/(47) of the Counterclaims.

49. CTAC admits only that it tried a number of additional treatments to try and save Honey and otherwise denies the allegations in Paragraph 49/(48) of the Counterclaims.

50. CTAC admits only that it performed a blood transfusion on Honey and otherwise denies the allegations in Paragraph 50/(49) of the Counterclaims.

51. CTAC admits only that, after discussing the matter with CTAC's veterinarians, Motakef determined to have Honey humanely euthanized and otherwise denies the allegations in Paragraph 51/(50) of the Counterclaims.

52. CTAC admits only that it prepared Honey's ashes, a lock of her hair, and her paw prints for Motakef to pick up and otherwise denies the allegations in Paragraph 52/(51) of the Counterclaims.

53. CTAC admits only that it submitted final invoices to Motakef and requested that, pursuant to her signed agreement, she pay the same and otherwise denies the allegations in Paragraph 53/(52) of the Counterclaims.

54. CTAC only admits that its CFO compassionately engaged Motakef regarding the amount outstanding and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54/(53) of the Counterclaims and therefore denies the same.

- 6 -

55. CTAC admits only that it sent final invoices to Motakef while agreeing to waive James's fees provided the remaining balance was paid in full and otherwise denies the allegations in Paragraph 55/(54) of the Counterclaims. Responding further, CTAC objects to Motakef's inclusion of the details of the parties' pre-litigation settlement negotiations in her Counterclaims and avers that all such portions of the Counterclaims, which include but are not limited to the second sentence in Paragraph 55/(54) of the Counterclaims, should be stricken.

56. CTAC admits that it is standard practice within the veterinary industry to demand payment before returning an animal's remains and otherwise denies the allegations in Paragraph 56/55 of the Counterclaims.

57. CTAC denies the allegations in Paragraph 57/(56) of the Counterclaims.

58. CTAC admits only that its CFO reminded Motakef that the waiver of James's fees was contingent on the payment of the remaining balance due and otherwise denies the allegations in Paragraph 58/(57) of the Counterclaims. Responding further, CTAC objects to Motakef's inclusion of the details of the parties' pre-litigation settlement negotiations in her Counterclaims and avers that all such portions of the Counterclaims, which include but are not limited to the second sentence of Paragraph 58/(57) of the Counterclaims, should be stricken.

## FIRST CAUSE OF ACTION

### *Fraud*

### *Against All Defendants*

59. CTAC incorporates by reference its responses to Paragraphs 1 through 58/(57) as if fully set forth herein.

60. CTAC denies the allegations in Paragraph 60/(59) of the Counterclaims.

61. CTAC denies the allegations in Paragraph 61/(60) of the Counterclaims.

62. CTAC denies the allegations in Paragraph 62/(61) of the Counterclaims.

63. CTAC denies the allegations in Paragraph 63/(62) of the Counterclaims.

64. CTAC denies the allegations in Paragraph 64/(63) of the Counterclaims.

65. CTAC denies the allegations in Paragraph 65/(64) of the Counterclaims.

66. CTAC denies the allegations in Paragraph 66/(65) of the Counterclaims.

67. CTAC denies the allegations in Paragraph 67/(66) of the Counterclaims.

68. CTAC denies the allegations in Paragraph 68/(67) of the Counterclaims.

## *SECOND CAUSE OF ACTION*

*Violation of Tennessee Consumer Protection Act*

*(Tenn. Code Ann. §§ 47-18-101 et seq.)*

*Against All Defendants*

69. CTAC incorporates by reference its responses to Paragraphs 1 through 68/(67) as if fully set forth herein.

70. CTAC admits only that the Tennessee Consumer Protection Act contains provisions addressing unfair or deceptive acts or practices and otherwise denies the remaining allegations in Paragraph 70/(69) to the extent they characterize the law or its application.

71. CTAC denies the allegations in Paragraph 71/(70) of the Counterclaims.

72. CTAC denies the allegations in Paragraph 72/(71) of the Counterclaims.

73. CTAC denies the allegations in Paragraph 73/(72) of the Counterclaims.

74. CTAC denies the allegations in Paragraph 74/(73) of the Counterclaims.

75.    CTAC denies the allegations in Paragraph 75/(74) of the Counterclaims.

<u>*THIRD CAUSE OF ACTION*</u>

*Negligent Misrepresentation*

*Against All Defendants*

76.    CTAC incorporates by reference its responses to Paragraphs 1 through 75/(74) as if fully set forth herein.

77.    CTAC denies the allegations in Paragraph 77/(76) of the Counterclaims.

78.    CTAC denies the allegations in Paragraph 78/(77) of the Counterclaims.

79.    CTAC denies the allegations in Paragraph 79/(78) of the Counterclaims.

80.    CTAC denies the allegations in Paragraph 80/(79) of the Counterclaims.

<u>*FOURTH CAUSE OF ACTION*</u>

*Conversion*

*Against CTAC*

81.    CTAC incorporates by reference its responses to Paragraphs 1 through 80/(79) as if fully set forth herein.

82.    CTAC denies the allegations in Paragraph 82/(81) of the Counterclaims.

83.    CTAC denies the allegations in Paragraph 83/(82) of the Counterclaims.

84.    CTAC denies the allegations in Paragraph 84/(83) of the Counterclaims.

85.    CTAC denies the allegations in Paragraph 85/(84) of the Counterclaims.

86.    CTAC denies the allegations in Paragraph 86/(85) of the Counterclaims.

87.    CTAC denies the allegations in Paragraph 87/(86) of the Counterclaims.

*FIFTH CAUSE OF ACTION*

*Outrageous Conduct*

*Against CTAC*

88. CTAC incorporates by reference its responses to Paragraphs 1 through 87/(86) as if fully set forth herein.

89. CTAC denies the allegations in Paragraph 89/(88) of the Counterclaims.

90. CTAC denies the allegations in Paragraph 90/(89) of the Counterclaims.

91. CTAC denies the allegations in Paragraph 91/(90) of the Counterclaims.

92. CTAC denies the allegations in Paragraph 92/(91) of the Counterclaims.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that would otherwise rest on Motakef and expressly reserving all defenses available under the Federal Rules of Civil Procedure and Tennessee law, CTAC asserts the following affirmative defenses. CTAC reserves the right to amend these defenses as discovery proceeds.

1. **Failure to State a Claim.** The Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

2. **Rule 9(b) Particularity (Fraud-Based Claims).** The fraud-based allegations (including any claims sounding in fraud under the TCPA to the extent applicable) are not pleaded with the particularity required by Fed. R. Civ. P. 9(b).

3. **Truth / No False Statement.** CTAC did not make any false statement of material fact to Motakef, and any challenged statements were true, substantially true, or not misleading when made.

4.    **Opinion, Puffery, and Non-Actionable Statements.** Any alleged statements regarding outcomes, safety, "cure rates," or similar matters constitute non-actionable opinion, generalized statements, or puffery, and are not actionable misrepresentations.

5.    **No Reasonable or Justifiable Reliance.** Motakef did not reasonably or justifiably rely on any alleged statement or omission by CTAC, and any reliance was unreasonable as a matter of law.

6.    **No Causation / Superseding or Intervening Causes.** Motakef's alleged damages were not proximately caused by any act or omission of CTAC and were caused, in whole or in part, by superseding or intervening causes.

7.    **Comparative Fault.** To the extent applicable, Motakef's recovery is barred or reduced by her own fault and/or the fault of others for whom CTAC is not responsible, under Tennessee's comparative fault principles.

8.    **Assumption of Risk / Informed Consent.** Motakef was advised of, understood, and accepted the risks associated with the procedures and care at issue, and her claims are barred or limited by assumption of risk and/or informed consent principles to the extent applicable.

9.    **Contractual Defenses / Terms Control.** To the extent the parties' relationship is governed by written agreements, the terms of those agreements control, and Motakef's claims are barred or limited by the agreements' terms, including any limitations, disclaimers, authorizations, or allocation of risk.

10.     **Economic Loss Doctrine.** To the extent Motakef seeks to recover purely economic losses in tort, such claims are barred or limited by the economic loss doctrine and related Tennessee principles limiting tort recovery where the alleged duty arises solely from contract.

11.     **Failure to Mitigate.** Motakef failed to take reasonable steps to mitigate her alleged damages, and any recovery must be reduced accordingly.

12.     **Statute of Limitations.** One or more Counterclaims are barred, in whole or in part, by applicable statutes of limitation.

13.     **Statute of Repose.** One or more Counterclaims are barred, in whole or in part, by applicable statutes of repose.

14.     **No Outrageous Conduct as a Matter of Law.** The allegations do not rise to the level of "extreme and outrageous" conduct required under Tennessee law to support a claim for outrageous conduct/intentional infliction of emotional distress.

15.     **No Conversion as a Matter of Law.** CTAC did not wrongfully exercise dominion or control over property in a manner constituting conversion, and Motakef cannot establish the elements of conversion under Tennessee law.

16.     **Legal Right.** CTAC had a legal right to retain possession of Honey's remains until Motakef made payment for services rendered.

17.     **Punitive Damages Barred / Not Supported.** Motakef is not entitled to punitive damages because she cannot establish by clear and convincing evidence the requisite state of mind or conduct under Tennessee law, and punitive damages are otherwise barred or limited by applicable law.

18.     **Treble Damages Not Available / Election of Remedies.** Motakef is not entitled to treble damages under the TCPA on the facts alleged, and any recovery is barred or limited by applicable statutory requirements and/or election-of-remedies principles.

19.     **Setoff / Recoupment.** CTAC is entitled to setoff, recoupment, and/or credit for any amounts owed by Motakef to CTAC.

20.     **Inadmissible Rule 408 Communications.** Any offers of compromise, promises, or statements made during settlement negotiations are inadmissible to prove liability, the amount of a claim, or to otherwise prejudice a jury against CTAC.

21.     **Reservation of Additional Defenses.** CTAC reserves the right to assert additional defenses that may become apparent through discovery or further investigation.

## **PRAYER FOR RELIEF**

WHEREFORE, CTAC respectfully requests relief on Motakef's Counterclaims as follows:

1.     That the Counterclaims be dismissed in their entirety with prejudice;

2.     That Motakef take nothing by way of her Counterclaims;

3.     That judgment be entered in CTAC's favor and against Motakef on each cause of action alleged in the Counterclaims;

4.     That CTAC be awarded its attorneys' fees and costs incurred in connection with this action, to the extent permitted by Tennessee law; and

5.   That any other relief as the Court deems just and proper, whether in equity or otherwise, be awarded to CTAC.

Respectfully submitted this 11th day of March, 2026.

**CHARTWELL LAW**

By:   *s/K. Chris Collins*

K. Chris Collins, Esq. | TN Bar No. 029109
100 W. Martin Luther King Blvd., Suite 300
T: (423) 205-2977
F: (423) 373-1435
kcollins@chartwelllaw.com

*Attorneys for Plaintiff/Counter-Defendant*
*Canine Treatment & Apheresis Center*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, March 11, 2026, a true and correct copy of the foregoing ANSWER TO COUNTERCLAIMS was filed electronically via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**CHARTWELL LAW**

By:   *s/K. Chris Collins*

K. Chris Collins, Esq. | TN Bar No. 029109
100 W. Martin Luther King Blvd., Suite 300
T: (423) 205-2977
F: (423) 373-1435
kcollins@chartwelllaw.com

*Attorneys for Plaintiff/Counter-Defendant*
*Canine Treatment & Apheresis Center*